1

2

3

4                                UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7      KARIM BADAWI,                                Case No. 18-cv-03313-JSC

8                        Plaintiff,
                                                    **ORDER OF TRANSFER**
9             v.
                                                    Re: Dkt. Nos. 2, 3
10     DAVID W. JENNINGS, et al.,

11                       Defendants.

12            Petitioner is being detained by the United States Department of Homeland Security

13     ("DHS") in Bakersfield, California, pursuant to an order of removal.  He filed this petition for a

14     writ of habeas corpus under 28 U.S.C. § 2241.  He challenges the validity of his continued

15     detention by the DHS.

16             "[V]enue considerations may, and frequently will, argue in favor of adjudication of the

17     habeas claim in the jurisdiction where the habeas petitioner is confined."  *Chatman-Bey v.*

18     *Thornburgh*, 864 F.2d 804, 814 (D.C. Cir.  1988); *see also McCoy v. United States Bd. of Parole*,

19     537 F.2d 962, 966 (8th Cir. 1976) ("Once the custodian of the petitioner is properly served, the

20     question is no longer jurisdictional, but one of the most convenient forum for litigation."); 1 J. S.

21     Liebman, supra, § 10.2(d) at 141 ("Personal jurisdiction is only the first 'proper forum' hurdle the

22     petitioner must clear.").  Transfer of a petition to another district court may therefore be in order

23     on grounds of convenience.  *Braden*, 410 U.S. at 499 n.15; *McCoy*, 537 F.2d at 966; *United States*

24     *ex rel. Meadows v. New York*, 426 F.2d 1176, 1183 n.9 (2d Cir. 1970).

25            Federal courts generally take the position that the district of confinement "is normally the

26     forum most convenient to the parties," *McCoy*, 537 F.2d at 966, and therefore exercise discretion

27     in transferring petitions to the district of confinement "in the interests of justice" pursuant 28

28     U.S.C. § 1404(a).  *See id.*; *see also Dunne v. Henman*, 875 F.2d 244, 249-50 (9th Cir. 1989)

United States District Court
Northern District of California

1    (suggesting that even where district court has personal jurisdiction over custodian, preferred forum

2    is district where petitioner is confined).  This practice is supported by the fact that a prisoner's

3    records follow him to the place of incarceration and in that it promotes uniformity in the filing of

4    Section 2241 petitions; in contrast, a system that allows a prisoner in California to challenge the

5    execution of his federal sentence in any of the four district courts within the state, since they all

6    have personal jurisdiction over any California custodian, works against this.  A transfer to the

7    district of confinement on convenient forum grounds is therefore preferable as long as no undue

8    delay is created.  *Chatman-Bey*, 864 F.2d at 814 ("Delay is undesirable in all aspects of our justice

9    system, but it is especially to be avoided in the sensitive context of habeas corpus.").

10   Bakersfield, where Petitioner is confined, is located within the venue of the Eastern

11   District of California.  *See* 28 U.S.C. § 84.  Accordingly, in the interest of justice, this case is

12   TRANSFERRED to the United States District Court for the Eastern District of California.

13   In light of this transfer, ruling on Petitioner's application to proceed in forma pauperis and

14   for appointment of counsel are deferred to the Eastern District.  The Clerk shall terminate these

15   motions from this Court's docket (docket numbers 2, 3), and shall transfer this matter forthwith.

16   **IT IS SO ORDERED.**

17   Dated: June 13, 2018

18

19

20   _____
     JACQUELINE SCOTT CORLEY
     United States Magistrate Judge

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KARIM BADAWI,

            Plaintiff,

     v.

DAVID W. JENNINGS, et al.,

            Defendants.

Case No.  18-cv-03313-JSC

**CERTIFICATE OF SERVICE**

       I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

       That on June 13, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Karim  Badawi ID: 042166219
425 Golden State Avenue
Dorm D-27 Low
Bakersfield, CA 93301

Dated: June 13, 2018

Susan Y. Soong
Clerk, United States District Court

By:_____

Ada Means, Deputy Clerk to the
Honorable JACQUELINE SCOTT CORLEY